1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CAROLINE BIRK                              No. 2:15-cv-0446-KJM-CMK

12                  Plaintiff,

13           vs.                                <u>FINDING S AND RECOMMENDATIONS</u>

14   ROYAL CROWN BANCORP, INC., et al.,

15                  Defendants.

     _____/

16

17          Plaintiff, proceeding pro se, brings this civil action.  Pending before the court is

18   plaintiff's complaint (Doc. 1).  The court is required to screen complaints brought by prisoners

     seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u>

19   28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who

20   have been granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these

21   screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous

22   or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary

23   relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B)

24   and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

25   must dismiss an action if the court determined that it lacks subject matter jurisdiction.  Because

26

1 plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court

2 will screen the complaint pursuant to § 1915(e)(2).

### I. PLAINTIFF'S COMPLAINT

4        Plaintiff brings this action to challenge the foreclosure of her home.  Plaintiff does

5 not set forth specific claims, but indicates this is a RICO suit, where she has suffered slander of

6 title, wrongful foreclosure, breach of contract, and seeks to quiet title.  Plaintiff alleges she

7 refinanced her mortgage in February 2006, taking a second mortgage in 2006.  In June 2007, she

8 rescinded the second mortgage due to various violations and fraud, but the defendants failed to

9 respond.  In September 2007, the defendants foreclosed on the second note, and in November

10 2009 an Unlawful Detainer action was filed.  Then in 2010, the first mortgage holder commenced

11 foreclosure proceedings, concluding with a trustee sale in 2011.  Plaintiff then attempts to

12 describe what she states is the "MERS SCANDAL" and how Mortgage Electronic Registration

13 Systems (MERS) and the other defendants manipulated the system, conspiring together to

14 perpetuate a fraud on the public, including her during the foreclosure of her property.

15        The defendants to this action include Bank of America, Countrywide Home

16 Loans, Inc., Mortgage Electronic Registration Systems, Inc., Merscorp, Inc., Bank of New York

17 Mellon, Recontrust, Gateway Funding, Hollencrest Bayview partners, Blue Mt. Homes, LLC,

18 Lakewood Ranch Owners Association, Inc., Royal Crown Bancorp, Inc., and Robert Winston.

### II. DISCUSSION

20        This is plaintiff's second attempt to challenge the foreclosure of her home.  In

21 2010, plaintiff filed her first action, Birk v. Gateway Funding Corp., 2:10-cv-1039-MCE-CMK.[1]

22 In the 2010 action, plaintiff filed a complaint against Gateway Funding Corporation, Hollencrest

23

24        [1]        The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).
25 Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp.
of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,
26 378 F.2d 906, 909 (9th Cir. 1967).

Bayview Partners, Lakewood Ranch Homeowners Association, Robert Winston, Royal Crown Bancorp, Inc., The Money Brokers, Countrywide Home Loans, Inc., FCI National Lender Services, Inc., Bank of America, Inc., Recontrust, and Bank of New York, alleging a variety of claims including unfair business practices, violations of the Truth in Lending Act and the Fair Credit Reporting Act, breach of contract, breach of duty and good faith, intentional infliction of economic injury, and unjust enrichment; the complaint sought to void the foreclosures, rescission of the loans, an order quieting title, and damages.  In the 2010 action, the defendants filed motions to dismiss, on the grounds that, *inter alia*, plaintiff's claims were barred by the statute of limitations and failed to state a claim.  The motions to dismiss were granted with prejudice as to plaintiff's federal claims, but without prejudice on plaintiff's state law claims, and that action was closed on March 31, 2011.

Almost four years later, on February 26, 2015, plaintiff filed the instant action also challenging the foreclosure of her property.  With few exceptions, the defendants named in both actions are the same, the underlying challenge to the foreclosure proceedings are the same, and the relief requested are the same.  The claims raised in the two cases are slightly different, but they rely on the same operative facts, namely the finance, refinance, and the subsequent foreclosures.  Some of the claims raised in the instant case are duplicative, including breach of contract.  Others are newly raised in the instant case, including violation of RICO.  In addition, the relief requested in both actions are the same, to quiet title, nullify the foreclosure, and damages.

Two related doctrines of preclusion are grouped under the term "res judicata." See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).  One of these doctrines – claim preclusion – forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id.  Stated another way, "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th

1  Cir. 2009).  "Newly articulated claims based on the same nucleus of facts are also subject to a

2  res judicata finding if the claims could have been brought in the earlier action."  Stewart v. U.S.

3  Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  Thus, claim preclusion prevents a plaintiff from

4  later presenting any legal theories arising from the "same transactional nucleus of facts."  Hells

5  Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

6        The party seeking to apply claim preclusion bears the burden of establishing the

7  following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and

8  (3) identity or privity of the parties.  See Cell Therapeutics, 586 F.3d at 1212; see also

9  Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005).  Determining

10  whether there is an identity of claims involves consideration of four factors: (1) whether the two

11  suits arise out of the same transactional nucleus of facts; (2) whether rights or interests

12  established in the prior judgment would be destroyed or impaired by prosecution of the second

13  action; (3) whether the two suits involve infringement of the same right; and (4) whether

14  substantially the same evidence is presented in the two actions.  See ProShipLine, Inc. v. Aspen

15  Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010).  Reliance on the first factor is especially

16  appropriate because the factor is "outcome determinative."  Id. (quoting Mpoyo v. Litton Electro-

17  Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)).  As to privity of the parties, "privity . . . [arises]

18  from a limited number of legal relationships in which two parties have identical or transferred

19  rights with respect to a particular legal interest."  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d

20  1047, 1053 (9th Cir. 2005).

21        Usually, a defendant relying on res judicata or collateral estoppel as a defense

22  must plead it as an affirmative defense.  Blonder–Tongue Laboratories, Inc. v. University of Ill.

23  Found., 402 U.S. 313, 350 (1971).  However, "if a court is on notice that it has previously

24  decided the issue presented, the court may dismiss the action sua sponte, even though the defense

25  has not been raised," Arizona v. California, 530 U.S. 392, 416 (2000), provided that the parties

26  have an opportunity to be heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055.  "As a

1   general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records

2   of that court show that a previous action covering the same subject matter and parties had been

3   dismissed.' " Id. at 1054-55 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1

4   (9th Cir.1958)).

5           Here, the undersigned finds collateral estoppel applies.  As set forth above, this is

6   plaintiff's second action challenging the foreclosure of her home.  The prior case was dismissed

7   with prejudice, constituting a final judgment on the merits.  The parties named in this action are

8   essentially identical, or in privy, to those named in the prior action. In addition, the claims

9   alleged in this case arise out of the same transactional nucleus of facts, namely the mortgages on

10  plaintiff's property and the foreclosure thereon.  Specifically, in the prior action plaintiff

11  identifies a 2004 refinancing and second mortgage, a 2007 foreclosure, two unlawful detainer

12  actions (2007 and 2009), and a second foreclosure in 2010, all relating to her property on Old

13  Mill Road.   Similarly, in this action plaintiff identifies the same 2004 refinancing, 2007

14  foreclosure, and 2010 foreclosure and unlawful detainer, again all relating to her property on Old

15  Mill Road.   While the claims raised in the two actions differ in theory, the essential underlying

16  facts remain the same and relate to the alleged infringement of the same rights. This second

17  action is simply plaintiff's attempt to re-litigate claims that were, or could have been, brought in

18  the prior action.  In addition, substantially the same evidence would be presented in the two

19  actions, including the 2004 and 2006 financing documents, and the two foreclosures.

20          Therefore, the undersigned finds this second action to be barred under res

21  judicata.  Plaintiff will have an opportunity to be heard and to address this issue in any objections

22  to these findings and recommendation she files.

23                          **III.  CONCLUSION**

24          The undersigned finds this action to be barred by res judicata and subject to

25  summary dismissal.  Plaintiff may be heard on this issue by filing objections to these findings

26  and recommendation.  As it does not appear possible that the deficiencies identified herein can be

1 | cured by amending the complaint, plaintiff is not entitled to leave to amend at this time.  See

2 | Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

3 |     Based on the foregoing, the undersigned recommends that this action be dismissed

4 | as barred by res judicata.

5 |     These findings and recommendations are submitted to the United States District

6 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

7 | after being served with these findings and recommendations, any party may file written

8 | objections with the court.  Responses to objections shall be filed within 14 days after service of

9 | objections.  Failure to file objections within the specified time may waive the right to appeal.

10 | See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 | DATED:  April 12, 2016

13 |

14 | **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE